IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GINA HAGGARD, et al.,

    Plaintiffs,

vs.                                             Civ. No. 98-1038 LCS

CCC AUTOBODY SYSTEMS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

This matter comes before the Court *sua sponte* pursuant to 28 U.S.C. §1446(c)(4).[1] This is a removal case in which the Notice of Removal, filed August 27, 1998, states that the amount in controversy exceeds $50,000. 28 U.S.C. §1332(a) was recently amended to require an amount in controversy which exceeds $75,000. That amendment took effect "90 days after the date of enactment of this Act [October 19, 1996]." §205(a) of Pub. L. No. 104-317 (1996). The amendment was therefore in effect at the time the Defendants filed their Notice of Removal. The Notice of Removal does not comply with that amendment. Consequently, I find that this Court lacks subject matter jurisdiction over this action.

Even ignoring the failure to satisfy the amount in controversy requirement, the Notice of Removal is nonetheless inadequate. "The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds $50,000.'" **Laughlin v. Kmart Corp.**, 50 F.3d 871, 873 (10th Cir.), **cert.**

---

[1] 28 U.S.C. §1446(c)(4) requires the Court to promptly examine any notice of removal and make an order for summary remand if that removal should not be permitted.

**denied**, 517 U.S. 863 (1995)(quoting **Gaus v. Miles, Inc.**, 980 F.2d 564, 567 (9th Cir. 1992)(emphasis added)).  In **Laughlin**, the Tenth Circuit found that

> [n]either Laughlin's [complaint] nor Kmart's notice of removal establishes the requisite jurisdictional amount in this case.  The [complaint] merely alleges the amount in controversy is in excess of $10,000 for each of two claims....  Kmart sets forth facts in its jurisdictional brief alleging that at the time of removal the amount in controversy was well above the jurisdictional minimum of $50,000.  Kmart failed, however, to include any of these facts in its notice of removal....  Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the [complaint] or the removal notice.

**Id**.  The Complaint and Defendants' Notice of Removal fail to contain a statement of underlying facts establishing that the amount in controversy is above the jurisdictional minimum of $75,000 as required in **Laughlin**.  A remand is mandated under these circumstances.

    WHEREFORE,

    IT IS ORDERED that this cause is hereby remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE